Alan Ruddy, Esq., Assistant County Counsel
Attorney ID#002411975
Office of the Essex County Counsel
Hall of Records, Room 535, 465 Dr. Martin Luther King, Jr., Blvd., Newark, NJ 07102
(973) 621-5021
(Attorney for Defendants, Essex County Sheriff's Office, Armando Fontoura , William
Penn and Jamar Chiles)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## (NEWARK)

|  |  |
|---|---|
|  | Civil Action No.<br>Removed from: |
|  | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION:  ESSEX COUNTY<br>: DOCKET NO. ESX-L-9767-21 |
| EVAN BERKOFSKY, | : |
| Plaintiff, | : Civil Action |
| vs. | : |
|  | : **NOTICE OF REMOVAL** |
| JAMAR CHILES, individually and<br>Officially, WILLIAM PENN, individually<br>And officially, ARMANDO B.<br>FONTOURA, individually and officially,<br>ESSEX COUNTY SHERIFF'S OFFICE,<br>COUNTY OF ESSEX, John Doe 1-10,<br>Jane Roe, Supervising Officer 1-10, | :<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

To:            Clerk of the United States District Court
               District of New Jersey
               Martin Luther King Jr. Courthouse
               50 Walnut Street
               Newark, NJ   07101

On Notice to:  Clerk, Essex County Superior Court
               Civil Action Division
               Veterans Courthouse – Room 131
               Newark, NJ   07102

Jeffrey M. Patti, Esq.
Patti & Patti, LLC
255 Woodport Road
Sparta, NJ   07871
(Attorney for Plaintiff)

SIR/MADAM:

**PLEASE TAKE NOTICE** in accordance with 28 U.S.C. §§ 1441-1451, defendant, County of Essex, improperly pled as Essex County Correctional Facility and Essex County Department of Corrections, hereby gives notice that they have removed the above-entitled case from the Superior Court of New Jersey, Essex County, to the United States District Court for the District of New Jersey.  In support of this notice, defendant states the following:

1.  The within matter was commenced by Jeffrey M. Patti, Esq., in the Superior Court of New Jersey, Essex County, Docket No.ESX-L-9767-21.   The County of Essex was served on December 27, 2021.

2.  The United States District Court has original jurisdiction of the above-captioned civil action pursuant to 28 U.S.C. §§ 1331 because the cause of action brought by plaintiff involve a federal question.

3.  True copies of the Summons and Complaint, which comprise all pleadings and orders served upon the above defendants in this action, are attached hereto as **Exhibit A**.

4.  This removal is timely under 28 U.S.C. § 144(b) in that it was filed within Thirty (30) days of defendant's acceptance of the complaint.

5.  Defendant seeks removal of the within matter pursuant to 28 U.S.C. § 1441 because the Complaint alleges causes of action under federal law and/or the United States Constitution. **(See Exhibit A)**

6.  No previous petition or notice has been made for the relief sought herein.

7.  A Notice of Filing Petition will be filed with the Clerk of the Superior Court of New Jersey in Trenton and the Clerk of the Superior Court of New Jersey in Essex County.   Additionally, a copy of both Notices will be served upon plaintiff.

8.      At the time of filing, no other defendant has filed an Answer to plaintiffs' Complaint.

**WHEREFORE**, defendants, County of Essex, et al., gives notice that the above matter is removed to the United States District Court for the District of New Jersey from the Superior of New Jersey, Law Division, Essex County.

Courtney M. Gaccione
Essex County Counsel
(Attorney for defendants,
Essex County Sheriff's Office,
Armando Fontoura, William Penn
 and Jamar Chiles)

*s/Alan Ruddy*
Alan Ruddy, Esq.
Assistant County Counsel
(973) 621-5021

Dated:  January 18, 2022

# EXHIBIT A

*2021C01831HAR*

| | |
|---|---|
| Attorney(s): | **Jeffrey M. Patti, Esq.** |
| Law Firm: | **Patti & Patti, LLC** |
| Address: | **255 Woodport Road** |
| | **Sparta, NJ 07871** |

| | |
|---|---|
| Telephone No.: | **(973) 729-5040** |
| Fax No.: | **(973) 729-4367** |
| E-mail: | **jeffrey@pattiandpatti.com** |

Attorney(s) for Plaintiff(s): **Evan Berkofsky**

**RECEIVED**

**2021 DEC 27 AM 8:30**

**ESSEX COUNTY
COUNSEL'S OFFICE**

**SUPERIOR COURT OF NEW JERSEY**

**LAW** DIVISION

**ESSEX** COUNTY

---

**Evan Berkofsky**

Plaintiff(s)

vs.

**County of Essex**

Defendant(s)

DOCKET NO. **ESX-L-9767-21**

CIVIL ACTION

**Summons**

From the State of New Jersey

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above or online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ **175.00**                    and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services Office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: **December 23, 2021**

*s/ /MICHELLE SMITH*

*Clerk of the Superior Court*

Name of Defendant to be Served: **County of Essex**

---

Address of Defendant to be Served: **c/o Christopher Durkin, Essex County Clerk**

**495 Martin Luther King Jr. Boulevard, Newark, NJ 07102**

---

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev. 9/4/12    Effective 9/4/12    P10/12

Powered by

HOTdocs™

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

**PATTI & PATTI, LLC**
Jeffrey M. Patti, Esq. (#050201998)
255 Woodport Road
Sparta, New Jersey 07871
(973) 729-5040
Attorneys for Plaintiff

---

| | |
|---|---|
| EVAN BERKOFSKY,             : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY |
| Plaintiff,     : | DOCKET NO.: ESX-L-9767-21 |
| v.      : | *Civil Action* |
| JAMAR CHILES, Individually and    : Officially, WILLIAM PENN, Individually : and Officially, ARMANDO B. FORTOURA: Individually and Officially, ESSEX    : COUNTY SHERIFF'S OFFICE, COUNTY : OF ESSEX, John Doe 1-10, Jane Roe    : Supervising Officer 1-10,         : | FIRST AMENDED COMPLAINT AND JURY DEMAND |
| Defendants.     : | |

---

Plaintiff Evan Berkofsky, through his attorney Jeffrey M. Patti, Esq. by way of Complaint against the Defendants, alleges the following:

## I. PARTIES

1.      Plaintiff Evan Berkofsky is a citizen of the United States and an individual who currently resides in the City of Clifton, Passaic County, New Jersey.

2.      At all times relevant herein, and upon information and belief, Defendant Armando B. Fortoura is the current duly elected Sheriff for the County of Essex, State of New Jersey whose responsibilities include oversight of the operations of Sheriff's office staff, creating and implementing policies and procedures, making official decisions, implementing well settled practices and procedures at Sussex County Sheriff's Office, and supervising and training of

1

subordinate officers of the Sussex County Sheriff's Office. He is being sued in his individual and official capacities.

3.      At all times relevant herein, and upon information and belief, Defendant William Penn was employed by the Essex County Sheriff's Officer in the capacity of Sergeant in the Internal Affairs Division. He is being sued in his individual and official capacities.

4.      At all times relevant herein, and upon information and belief, Defendant Jamar Chiles was an Essex County Sheriff's Officer, employed by the County of Essex, State of New Jersey. He is being sued in his individual and official capacities.

5.      Defendant John Doe 1 is a fictitious person and sheriff's officer whose identity is unknown at this time, and at all times relevant herein, was employed by the County of Essex and was the partner of Defendant Jamar Chiles. He is being sued in his individual and official capacities.

6.      Defendant Essex County Sheriff's Office is a law enforcement division of Defendant County of Essex duly established and constituted under the laws of the State of New Jersey.

7.      Defendant County of Essex is a political subdivision of the State of New Jersey incorporated pursuant to the laws of the State of New Jersey and at all times relevant hereto maintained budgetary oversight and operational oversight of the Essex County Sheriff's Office.

8.      Defendant John Doe 2-10 are fictitious persons and sheriff's officers whose identities are unknown at this time, and at all times relevant herein, were employed by the County of Essex and upon information and belief witnessed the aforementioned misconduct at the hands of Defendant Chiles and Defendant John Doe 1 but failed to intervene. They are sued individually and in their official capacity.

2

9.       Defendant Jane Roe Supervising Officer 1-10 are fictitious persons and sheriff's officer supervisors and/or superior officials whose identities are unknown at this time, and at all times relevant herein, were employed by the County of Essex and upon information and belief were aware of the aforementioned misconduct at the hands of Defendant Chiles and Defendant John Doe 1 but took no action to deter or to end it and were also responsible for supervising, training, and controlling subordinate officers and were also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices. They are sued individually and in their official capacity.

10.      The Essex County Courthouse is a place of public accommodation under the New Jersey Law Against Discrimination (N.J.S.A. 10:5-1 et. seq.).

## II. SUBSTANTIVE ALLEGATIONS

11.      On February 21, 2020, Plaintiff was lawfully present in a courtroom in the Essex County Courthouse.

12.      Plaintiff was abruptly and violently grabbed by Defendant Jamar Chiles and Defendant John Doe 1 and forcefully removed from the courtroom without cause.

13.      Defendant Chiles and Defendant John Doe 1 pushed Plaintiff into the hallway where Defendant Chiles continued aggressively and forcefully holding Plaintiff's arms, and detaining him against his will despite Plaintiff's requests to be let go.

14.      Thereafter Plaintiff reported the incident to the Internal Affairs Division of the Essex County Sheriff's Officer and, upon information and belief, the matter was investigated by Defendant Penn who improperly cleared Defendants of wrongdoing.

15.      Defendant Fortoura was negligent in hiring Defendant Chiles and Defendant John Doe 1.

3

16. Defendant Jane Roe Supervising Officer 1-10, Defendant Fortoura, Defendant Essex County Sheriff's Office, and Defendant County of Essex inappropriately and negligently failed to fire Defendant Chiles and Defendant John Roe 1 before he could harm Plaintiff.

17. Defendant Jane Roe Supervising Officer 1-10 and Defendant Fortoura failed to adequately train and supervise Defendant Chiles and Defendant John Roe 1.

18. Defendants John Doe 2-10 upon information and belief, witnessed the assault and failed to intervene.

19. The unlawful and unjustified actions of Defendants caused Plaintiff a great deal of physical and emotional pain and suffering, embarrassment, and humiliation, said injuries being permanent.

20. The actions of Defendants were violative of standard police practice and procedure and/or long-standing official police policy, custom and practice and/or the lack of proper police policy and procedures at the respective police agencies.

21. The actions of the defendants were violative of the New Jersey Law Against Discrimination. (N.J.S.A. 10:5-1 et. seq.).

22. At all times relevant herein Defendants were acting under the color of state law and during the scope of their employment with their agency.

## COUNT ONE
(New Jersey State Constitutional Claim)

23. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

24. Plaintiff has a right protected by the Constitution of the State of New Jersey and N.J.S.A. 10:6-2 to be secure in his person, house, papers, and affects, against unreasonable searches and seizures.

4

25.     Plaintiff also has a right protected the Constitution of the State of New Jersey and N.J.S.A. 10:6-2 not to be deprived of life, liberty, or property, without due process of law.

26.     Through the Constitution of the State of New Jersey and N.J.S.A. 10-6-2, Plaintiff has a right to be protected against false, baseless and arbitrary arrest, detention, seizure of property, seizure of person, excessive use of force, and against arbitrary deprivations of his liberty and property.

26.     Defendants, under color of state law, deprived Plaintiff of his aforementioned Constitutional and statutory rights by, among other things:

    a.     Using excessive force and restraining Plaintiff;
    b.     Unlawfully seizing and arresting;
    c.     Unlawfully and unjustifiably creating a danger and undue risk to plaintiff's life and limb;
    d.     Denying Plaintiff the Equal Protection of the Law;
    e.     Denying Plaintiff due process of law.

27.     The actions of defendants constituted a policy, practice, procedure or custom of the Essex County Sheriff's Office, in that those actions are part of a pattern of failing to implement standard police practice and/or procedure in dealing with investigating alleged criminal misconduct.

28.     Because, *inter alia*, they failed to train and supervise their employees; were grossly negligent in the supervision of their subordinates; created and/or permitted a policy or custom under which unconstitutional practices occurred and/or because this problem had occurred on numerous previous occasions and by failing to take appropriate remedial measures, Defendants Fortoura and Jane Roe Supervising Officer 1-10 are liable to Plaintiff for damages.

29.     Similarly, because they created and/or permitted a policy or custom under which unconstitutional practices occurred as evidenced by, *inter alia*, the affirmative conduct of

5

Defendants Chiles, John Doe 1-10 and/or Jane Roe Supervising Officer 1-10 is liable for Plaintiff's damages.

30.     As a proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that he was deprived of his Constitutional and statutory rights; and was caused to suffer severe physical, mental and emotional trauma without any legal justification.

31.     Because Defendants Chiles, John Doe 1-10, and/or Jane Roe Supervising Officer 1-10 engaged in willful and wanton misconduct and/or in reckless or callous indifference to Plaintiff's rights, the imposition of punitive damages against these parties is warranted.

WHEREFORE, Plaintiff demands judgment against all Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to N.J.S.A. 10:6-2; and (4) such other relief as this court deems just and proper.

## COUNT TWO
(Assault and Battery)

32.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

33.     Defendants Chiles and John Doe 1's actions as described heretofore amount to tortious assault and battery as their actions were carried out without Plaintiff's consent and were done with the intent to cause physical and psychological harm.

34.     As a direct and proximate result of said assault and battery, Plaintiff was caused to suffer severe and extreme physical and mental pain and suffering.

35.     The actions of Defendants were done with actual malice, and/or a willful disregard of Plaintiff's personal rights and sensitivities, and/or with a foreseeability of unintended harmful consequences.

6

WHEREFORE, Plaintiff demands judgment against all Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to N.J.S.A. 10:6-2; and (4) such other relief as this court deems just and proper.

COUNT THREE
(Law Against Discrimination)

36.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

37.     The Essex Court House Facility is a place of public accommodation within the meaning of the LAD (N.J.S.A. 10:5-1 et. seq.).

38.     Pursuant to the LAD (N.J.S.A. 10:5-1 et seq.), any person who commits an unlawful discrimination against another by coercing, intimidating, threatening or interfering with any person because of a disability or sexual orientation is liable to that other person for damages.

39.     Plaintiff asserts that the unlawful tactics employed by Defendants as detailed in Counts One and Two above were directly related to a disability and/or discriminator in violation of the LAD.

40.     Because Defendants John Doe 1-10 and Jane Roe Supervising Officer 1-10 engaged in willful and wanton misconduct and/or in reckless or callous indifference to Plaintiff's rights, Plaintiff seeks punitive damages pursuant to the LAD.

41.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered extreme mental and physical anguish, humiliation, as well as financial loss, and other irreparable harm, pain and suffering due to the unlawful discrimination against him because of his disabilities.

7

WHEREFORE, Plaintiff demands judgment against Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees; and (4) such other relief as this court deems just and proper.

## COUNT FOUR
(New Jersey Tort Claims Act)

42.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

43.     At all times relevant herein, Defendants were acting as law enforcement officers and/or sheriff's officers for the State of New Jersey.

44.     Defendants were acting within the scope of their employment and their acts were done in furtherance of the State of New Jersey's interests.

45.     Defendants' actions were a proximate cause of Plaintiff's injuries.  As a result of the injuries inflicted upon Plaintiff, he has suffered damages.

46.     Plaintiff has complied with all notice provisions of the New Jersey Tort Claims Act N.J.S.A. 59:1-1, et. seq

WHEREFORE, Plaintiff demands judgment against all Defendants for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorney's fees pursuant to N.J.S.A. 10:6-2; and (4) such other relief as this court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all of the within issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules of Court, you are hereby notified that Jeffrey M. Patti, Esq. is hereby designated as trial counsel in the within matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that the matter in controversy is not the subject of any action pending in any court or of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated other than the action pending in the Superior Court of New Jersey, Sussex County, Law Division.  I know of no other parties who should be joined in this action at this time.

**PATTI & PATTI, LLC**
Attorneys for Plaintiff

Dated: December 23, 2021                    By:      /s/ *JEFFREY M. PATTI*

9